FILED _____  ERED
LOGGED        IVED

JUL 0 9 2015

CLERK, U.S. DISTRICT COURT
AT GREENBELT
DISTRICT OF MARYLAND
BY ____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

JFM 15CV2012

| | | |
|---|---|---|
| Adam M. Peters, | ) | Civil Action No._____ |
| Plaintiff | ) | |
| Vs. | ) | **DEMAND FOR JURY TRIAL** |
| Great Lakes Higher Education Servicing Corp., | ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff, Adam Peters, individually, hereby sues Defendant, Great Lakes Higher Education Servicing Corp., (hereinafter "Great Lakes") for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et al* and the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. § 1692d.

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff against the defendant for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227(b)(1), 47 U.S.C. § 227(A)(iii) and the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. § 1692d.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendant. Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Defendant, Great Lakes have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but non-existent debt.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. § 227(b)(3) and 15 U.S.C. § 1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

6. All conditions precedent to the bringing of this action have been performed.

## PARTIES

7. Plaintiff, Adam Peters, is a natural person and is a resident of the State of Maryland.

8. Upon information and belief Defendant, Great Lakes is a foreign corporation debt collector not registered to do business in the State of Maryland.

## FACTUAL ALLEGATIONS

9. On or about July 18, 2014, Great Lakes violated the Telephone Consumer Protection Act (TCPA) by calling the Plaintiff's cell phone (240) 855-2956 using an automatic telephone dialing system and leaving an artificial voice and prerecorded message with no prior permission given by Plaintiff (See Exhibit A).

10. Plaintiff received many more calls from (800) 236-4300, 16 of which were documented (See Exhibit B) resulting in several prerecorded messages left by Great Lakes.

11. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent given at any time, express or otherwise, by the Plaintiff.

12. Defendant, Great Lakes, is a debt collector attempting to collect on an alleged but non-existent debt.

13. Plaintiff and Defendant do not have an established business relationship as defined by 47 U.S.C. § 227(a)(2)(A).

## COUNT 1
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT 47 U.S.C. § 227

14. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.

15. Defendant, Great Lakes, has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular service.

16. Defendant, Great Lakes, has committed 17 separate violations of 47 U.S.C. § 227 (b)(1)(A) and Plaintiff is entitled to damages of up to $1500 per violation pursuant to 47 U.S.C. § 227 (b)(3)(B).

9. On or about July 18, 2014, Great Lakes violated the Telephone Consumer Protection Act (TCPA) by calling the Plaintiff's cell phone (240) 855-2956 using an automatic telephone dialing system and leaving an artificial voice and prerecorded message with no prior permission given by Plaintiff (See Exhibit A).

10. Plaintiff received many more calls from (800) 236-4300, 16 of which were documented (See Exhibit B) resulting in several prerecorded messages left by Great Lakes.

11. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent given at any time, express or otherwise, by the Plaintiff.

12. Defendant, Great Lakes, is a debt collector attempting to collect on an alleged but non-existent debt.

13. Plaintiff and Defendant do not have an established business relationship as defined by 47 U.S.C. § 227(a)(2)(A).

## COUNT 1
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT 47 U.S.C. § 227

14. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.

15. Defendant, Great Lakes, has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular service.

16. Defendant, Great Lakes, has committed 17 separate violations of 47 U.S.C. § 227 (b)(1)(A) and Plaintiff is entitled to damages of up to $1500 per violation pursuant to 47 U.S.C. § 227 (b)(3)(B).

17. Defendant's repeated calls to Plaintiff's cell phone were inconvenient and annoying.

18. Plaintiff, many times, had to stop what he was doing at work and silence his phone. He also was inconvenienced by the many prerecorded voice mails in his voice mail box.

19. Plaintiff has never given Great Lakes permission to call Plaintiff's cell phone.

**WHEREFORE,** Plaintiff demands judgment for damages against Great Lakes for actual or statutory damages, and punitive damages pursuant to 47 U.S.C. § 227 (G)(3)(B).

## COUNT II
## VIOLATIONS OF THE MARYLAND TELEPHONE
## CONSUMER PROTECTION ACT (MTCPA)
## §14-3201(2), §14-3202

20. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 19.

21. Defendant, Great Lakes, has demonstrated willful or knowing non-compliance with Maryland Code § 14-3201(2), Maryland Code § 14-3202(a) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular service.

22. Defendant, Great Lakes, has committed 17 separate violations of Maryland Code § 14-3201(2), Maryland Code § 14-3202(a) by calling the Plaintiff's cell phone without prior permission.

23. Plaintiff was highly annoyed and inconvenienced by the repeated calls.

24. Plaintiff is entitled to damages of $500 per violation and treble damages pursuant to Maryland Code § 14-3202(b).

**WHEREFORE,** Plaintiff demands judgment for damages against Great Lakes for actual or statutory damages, and punitive damages pursuant to Maryland Code § 14-3202b.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 BY GREAT LAKES HIGHER EDUCATION SERVICING CORPORATION

25. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 24.

26. Plaintiff is a consumer within the meaning of FDCPA 15 U.S.C. § 1692a (3).

27. Defendant is a debt collector within the meaning of FDCPA 15 U.S.C. § 1692a (6).

28. Defendant, Great Lakes, violated 15 U.S.C. § 1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect an alleged debt or to obtain information concerning the consumer.

29. Plaintiff obtained a new cell phone number that he has no idea how Defendant got it.

30. Defendant, Great Lakes, violated 15 U.S.C. § 1692d (5) by causing Plaintiff's phone to ring repeatedly.

31. Plaintiff was continually harassed by Defendant's phone calls and felt annoyed by having his activities interrupted by Defendant's calls.

32. Plaintiff never gave permission for Defendant to call his cell phone.

33. Defendant is a debt collector attempting to collect on an alleged but non-existent debt.

**WHEREFORE,** Plaintiff demands judgment for damages against Great Lakes for actual or statutory damages, and attorney's fees costs, pursuant to 15 U.S.C. 1692k.

## COUNT IV

## VIOLATIONS OF MARYLAND COMMERCIAL LAW CODE

## 14-202 CONSUMER DEBT COLLECTION BY GREAT LAKES HIGHER EDUCATION SERVICING CORPORATION

34. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 33.

35. Plaintiff is a person within the meaning of Maryland Commercial Code § 14-201(d).

36. Defendant is a collector within the meaning of Maryland Commercial Code § 14-201(b).

37. Defendant, Great Lakes, violated Maryland Commercial Code § 14-202(6) by calling the Plaintiff with such frequency as to annoy and cause emotional distress.

38. Defendant, Great Lakes, violated Maryland Commercial Code § 14-202(8) by claiming with letter and phone calls the right to enforce the collection of an alleged debt when that right does not exist.

**WHEREFORE,** Plaintiff demands judgment for damages against Great Lakes for actual or statutory damages, and punitive damages, attorney's fees and cost, pursuant to Maryland Commercial Code § 14-203.

Respectfully submitted this July 7, 2015

*/s/ Adam Peters*

Adam M. Peters

3745 Maple Crest Drive

Knoxville, MD 21758

(240) 855-2956

adammichaelpeters21@gmail.com

## VERIFICATION

I, Adam Peters, have read the foregoing complaint and examined any attachments referenced therein. The facts stated in the complaint are true. The attachment is a true and fair copy.

*Adam Peters*                                                    *Adam Peters*

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this 7th day of July, 2015.

*Erien Frazier*
Notary

ERIEN L. FRAZIER
Notary Public-Maryland
Washington County
My Commission Expires
June 04, 2017

My commission expires: _____